1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                     NORTHERN DISTRICT OF CALIFORNIA

7

8   ERIC RIMES,                                    No. C-09-0281 EMC

9              Plaintiff,

10       v.                                        **ORDER DENYING DEFENDANT'S
                                                   MOTION TO DISMISS**
11  NOTEWARE DEVELOPMENT LLC,
                                                   **(Docket No. 45)**
12             Defendant.
    _____/
13

14

15       Plaintiff Eric Rimes has filed suit against Defendants Noteware Development LLC Jim

16  Noteware, asserting claims for failure to pay wages, breach of contract, violation of California Labor

17  Code § 201, and violation of California Business & Professions Code § 17200.  Currently pending

18  before the Court is Mr. Noteware's motion to dismiss.  Having considered the parties' briefs and

19  accompanying submissions, the Court hereby **DENIES** the motion.  The denial is without prejudice.

20                  **I.    FACTUAL & PROCEDURAL BACKGROUND**

21       In his complaint, Mr. Rimes alleges that he was employed by Noteware Development as a

22  vice president from August 2006 to May 2008.  *See* Compl. ¶ 6.  According to Mr. Rimes, his

23  contract with Noteware Development provided for a certain annual salary, plus bonuses, but

24  Noteware Development failed to pay him all the salary and bonuses he had earned.  *See id.* ¶ 13.

25  Although not entirely clear from the face of the complaint, it appears that Mr. Rimes has asserted

26  claims not only against Noteware Development but also against Mr. Noteware individually on an

27  alter ego theory.  *See id.* ¶ 4; *see also* Opp'n at 2.

28

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

## II.   **DISCUSSION**

In his motion, Mr. Noteware has moved to dismiss on the following grounds: (1) improper service of process; (2) lack of personal jurisdiction; (3) improper venue; and (4) failure to state a claim for relief.  Each of these arguments is addressed below.

A.      Service of Process

Mr. Noteware's first contention is that he was not properly served in accordance with Federal Rule of Civil Procedure 4(e).  According to Mr. Noteware, service was not properly effected because the summons was simply "left . . . on the driveway of a Noteware family house in Montana, with *no person* in the Noteware household ever being served or even informed regarding the existence or contents of the summons and complaint."  Mot. at 2 (emphasis added).

Accepting the representations made in Mr. Noteware's motion, there would appear to be a problem with service of process.  For example, Rule 4(e)(2) requires service of process on a person (either the individual personally or to another person under certain circumstances).  *See* Fed. R. Civ. P. 4(e)(2). Under Rule 4(e)(1), service of process may be effected pursuant to state law, *see* Fed. R. Civ. P. 4(e)(1), but Mr. Rimes has not established that either California law or Montana law allows for a summons and complaint simply to be left at a household in the absence of any receiving person. *See, e.g.*, Cal. Code of Civ. Proc. § 415.10 (personal service); *id.* § 415.20(b) (substitute service).

That being said, Mr. Noteware has not offered any evidence to substantiate the representations in his motion.  He has not, for instance, submitted a declaration signed under penalty of perjury nor has he obtained a declaration signed under penalty of perjury from his teenage daughter, the one who purportedly found the summons and complaint on the driveway.  On the other hand, Mr. Rimes has also failed to provide evidence indicating that service of process was proper. In fact, Mr. Rimes's actions suggest that there may have been a problem with the initial service of process because he recently decided to re-serve the summons and complaint on April 7, 2010. *See* McFadden Decl. ¶ 2 & Ex. A.

Because Mr. Rimes has now re-served the summons and complaint, the Court finds that Mr. Noteware's motion to dismiss, challenging the initial service of process, is moot.  Mr. Noteware is

2

**United States District Court**
For the Northern District of California

1   not precluded from arguing that the new service of process was not properly effected, *e.g.*, pursuant

2   to California Code of Civil Procedure § 415.40.  *See* Cal. Code Civ. Proc. § 415.40 (allowing for

3   service on a person outside of California to be made "by sending a copy of the summons and of the

4   complaint to the person to be served by first-class mail, postage prepaid, requiring a return

5   receipt").[1]

6   B.      Personal Jurisdiction

7           Mr. Noteware contends that, even if there were no issue with service of process, the claims

8   against him should still be dismissed because this Court lacks personal jurisdiction over him.  Mr.

9   Noteware does not offer any evidence to substantiate this argument but simply asserts that he "has

10  no personal contacts with California, other than in his capacity as a Managing Member of Noteware

11  Development LLC."  Mot. at 2.

12          The problem with this argument is that the Ninth Circuit has rejected the argument that, for

13  purposes of personal jurisdiction, "'employees who act in their official capacity are somehow

14  shielded from suit in their individual capacity.'"  *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521 (9th

15  Cir. 1989).  While employees are not automatically shielded from suit, personal jurisdiction still

16  must be analyzed based on the contacts the individual has had with the forum state.  *See generally*

17  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985) (noting that, in a breach-of-contract case,

18  "factors [such as] prior negotiations and contemplated future consequences, along with the terms of

19  the contract and the parties' actual course of dealing . . . must be evaluated in determining whether

20  the defendant purposefully established minimum contacts within the forum").  One basis for

21  asserting jurisdiction is an alter ego claim.  The Ninth Circuit has stated that "the corporate form

22  may be ignored in cases in which the corporation is the agent or alter ego of the individual

23  defendant, or where there is an identity of interests between the corporation and the individuals."  *Id.*

24  at 520-21.  As noted above, Mr. Rimes asserts an alter ego theory against Mr. Noteware.  However,

25  as noted below that alter ego theory is not sufficiently alleged nor has any evidence been proffered

26  in regard thereto.

27

28          [1] It is not clear from the McFadden declaration whether a return receipt was included in the new service of process.

3

1    Accordingly, the Court grants Mr. Noteware's motion to dismiss for lack of personal

2  jurisdiction.  The dismissal, however, is without prejudice.

3  C.    Venue

4    Mr. Noteware's third argument is that venue in this case is improper.  But this argument, as

5  presented in the motion to dismiss, is wholly conclusory.  *See* Mot. at 2.  Mr. Noteware provides no

6  explanation at all as to why venue is improper.  The Court therefore rejects Mr. Noteware's

7  argument.  *Cf. Leary v. Livingston County*, 528 F.3d 438, 449 (6th Cir. 2008) (stating that "[i]t is a

8  settled appellate rule that issues averred to in a perfunctory manner, unaccompanied by some effort

9  at developed argumentation, are deemed waived") (internal quotation marks omitted); *Norton v.*

10  *Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (stating that "[i]ssues not sufficiently argued in the

11  briefs are considered waived and normally will not be addressed on appeal").  Mr. Noteware's

12  motion to dismiss for improper venue is denied without prejudice.

13    For further proceedings, the Court notes that under 28 U.S.C. § 1391(a),

14    [a] civil action wherein jurisdiction is founded only on diversity of
     citizenship [as in the instant case] may, except as otherwise provided
15    by law, be brought only in (1) a judicial district where any defendant
     resides, if all defendants reside in the same State, (2) a judicial district
16    in which a substantial part of the events or omissions giving rise to the
     claim occurred, or a substantial part of property that is the subject of
17    the action is situated, or (3) a judicial district in which any defendant
     is subject to personal jurisdiction at the time the action is commenced,
18    if there is no district in which the action may otherwise be brought.

19  28 U.S.C. § 1391(a).  "The phrase 'if there is no district in which the action may otherwise be

20  brought' indicates that venue may be based on § 1391(a)(3) 'only if neither [§ 1391(a)(1) or (2)] can

21  be satisfied.'  It does not mean that venue is improper in one district merely because there is another

22  equally appropriate district in which the defendants are subject to personal jurisdiction at the time

23  the action is commenced." *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996).]

24  D.    Failure to State a Claim for Relief

25    Finally, Mr. Noteware asserts that the case against him should be dismissed for failure to

26  state a claim for relief.  *See* Fed. R. Civ. P. 12(b)(6).  Although the motion is conclusory and devoid

27  of any support, the Court finds that on it face, the complaint is deficient.  That is, Mr. Rimes's

28  assertion that he is the alter ego of the corporation is pled only as conclusory allegations.  This fails

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  to establish the facial plausibility for pleading required by *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)

2  and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See, e.g.*, *Laguna v. Coverall N. Am., Inc.*,

3  No. 09cv2131 JM(RBB), 2009 U.S. Dist. LEXIS 118098, at \*7-9 (S.D. Cal. Dec. 18, 2009)

4  (concluding that alter ego liability was facially plausible because "[t]he SAC alleges that Allied is

5  the sole shareholder in Coverall and Coverall Cleaning Concepts, LLC; regularly removed cash and

6  other assets from Coverall to minimize the ability of creditors to attach funds; did not respect normal

7  corporate formalities (failed to keep corporate minutes and/or backdated such minutes); failed to

8  contribute capital, issue stock, or otherwise complete the formation of these entities; and failed to

9  provide adequate capital and operating funds"); *Lacey v. Malandro Commun., Inc.*, No.

10  CV-09-01429-PHX-GMS, 2009 U.S. Dist. LEXIS 113993, at \*16-18 (D. Ariz. Dec. 8, 2009)

11  (concluding that alter ego liability was facially plausible because "[t]he amended complaint alleges

12  that the Company is a shell corporation that was undercapitalized and that it does not possess

13  sufficient assets to satisfy Plaintiff's judgment," "that Ms. Malandro is the sole and executive

14  shareholder of the company and that she failed to maintain the requisite corporate formalities," and

15  "that Ms. Malandro intentionally drained the Company of any assets, misused corporate funds to

16  perform exclusively personal tasks, and misreported income to the Internal Revenue Service"); *Fund*

17  *Raising v. Alaskans for Clean Water*, No. CV 09-4106 AHM (VBKx), 2009 U.S. Dist. LEXIS

18  106549, at \*11-12 (C.D. Cal. Oct. 29, 2009) (concluding that *Twombly* and *Iqbal* standards were met

19  where "[p]etitioner has alleged specific facts that indicate that 'separate personalities of the

20  corporation and the individual no longer exist' – including that Gillam has commingled his assets

21  with those of the corporations and that he has failed to observe corporate formalities").  *See DirecTV*

22  *Latin Am., LLC v. Park 610, LLC*, No. 08 Civ. 3987 (VM) (GWG), 2009 U.S. Dist. LEXIS 110295,

23  at \*66-68 (S.D.N.Y. Nov. 27, 2009) (taking note that, under *Iqbal*, naked assertions devoid of

24  further factual enhancement are insufficient to state a claim; concluding that there were insufficient

25  allegations to establish alter ego liability because "[t]he second amended complaint simply alleges

26  that Park 610 was owned by Tumely and Loraine, that Tumely and Loraine were in turn wholly

27  owned by Avila, and that Tumely and Loraine were the instruments of Avila, Pratola, and Zunda's

28  fraudulent conduct"); *Emeraldian Ltd. P'ship v. Wellmix Shipping Ltd.*, No. 08 Civ. 2991 (RJH),

**United States District Court**

For the Northern District of California

1  2009 U.S. Dist. LEXIS 89355, at \*9-10 (S.D.N.Y. Sept. 28, 2009) (concluding that allegations were

2  not sufficient to establish reasonable grounds for alter ego liability because "[t]he Third Amended

3  Complaint contains primarily conclusory allegations that merely recite the factors considered by

4  courts in this Circuit when evaluating alter ego claims").

5  ### III.   CONCLUSION

6  For the foregoing reasons, the complaint against Mr. Noteware is dismissed without

7  prejudice.  Plaintiff shall have 20 days from the date of this order to amend the complaint.

8  This order disposes of Docket No. 45.

9

10  IT IS SO ORDERED.

11

12  Dated:  April 21, 2010

13  _____

14  EDWARD M. CHEN
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    ERIC RIMES,                              No. C-09-0281 EMC

9            Plaintiff,

10       v.
                                          **CERTIFICATE OF SERVICE**
11   NOTEWARE DEVELOPMENT LLC,

12           Defendant.
     _____/

13

14       I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

15   District of California.  On the below date, I served a true and correct copy of the attached, by placing

16   said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

17   said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

18   receptacle located in the Office of the Clerk.

19   Jim Noteware
     5402 Fieldwood Drive
20   Houtson, TX 77056
     (713) 960-0280
21   Fax: (713) 654-0038
     Email: jimnoteware@aol.com

22

23   Dated:  April 21, 2010                  RICHARD W. WIEKING, CLERK

24

25                                       By:  ___/s/   Leni Doyle_____
                                              Leni Doyle
26                                            Deputy Clerk

27

28

**United States District Court**
For the Northern District of California