United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC RIMES,

        Plaintiff,

    v.

NOTEWARE DEVELOPMENT LLC,

        Defendant.
_____/

No. C-09-0281 EMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**(Docket No. 58)**

        Plaintiff Eric Rimes has filed suit against Defendants Noteware Development LLC and Jim Noteware, asserting claims for failure to pay wages in violation of the California Labor Code and the Federal Labor Standards Act ("FLSA"), breach of contract, violation of California Labor Code § 201, and violation of the California Business & Professions Code. Currently pending before the Court is Mr. Noteware's motion to dismiss the claims. Having considered the parties' briefs, as well as the oral argument of counsel and Mr. Noteware, proceeding pro se, the Court hereby **DENIES** the motion.

        **I.   FACTUAL & PROCEDURAL BACKGROUND**

        In his second amended complaint, Mr. Rimes alleges that he was employed by Noteware Development as a vice president from August 2006 to May 2008. *See* SAC ¶ 10. According to Mr. Rimes, his contract with Noteware Development provided for a certain annual salary, plus bonuses, but Noteware Development failed to pay him all the salary and bonuses he had earned. *See id.* ¶ 15.

Mr. Rimes has asserted claims not only against Noteware Development but also against Mr. Noteware, both directly and indirectly on an alter ego theory.[1] *See id.* ¶¶ 4-7, 20.

## II.   DISCUSSION

Mr. Noteware has moved to dismiss on the following grounds: (1) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and (2) failure to state a claim for relief pursuant to Rule 12(b)(6). Each of these arguments is addressed below.

A.   Personal Jurisdiction

Mr. Noteware has moved to dismiss each of the above causes of action based on a lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff – in this case, Mr. Rimes – bears the burden of establishing such jurisdiction. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Since Mr. Rimes's proof of jurisdiction is limited to written materials, he need only make a prima facie showing of jurisdiction in order to survive a motion to dismiss. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

The Court finds that Mr. Rimes has made a prima facie showing that there is specific jurisdiction. Specific jurisdiction exists where (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable in that it comports with fair play and substantial justice. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The critical issue in the instant case is whether Mr. Noteware purposefully availed himself of the privileges of conducting activities in California or purposely directed conduct at California that had effects in the state.

---

[1] For example, the claims against Mr. Noteware for violation of the FLSA, *see* 29 U.S.C. § 206, and violation of the California Business & Professions Code § 17200 are made not only on an alter ego theory but also on a direct liability theory because individuals may be held liable for such violations. *See Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (noting that, under the FLSA, "[w]here an individual exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability"); *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1458 (2008) (noting that "an owner or officer of a corporation may be individually liable under the UCL [*i.e.*, § 17200] if he or she actively and directly participates in the unfair business practice").

Mr. Noteware argues that there is neither purposeful availment nor purposeful direction because he "has no personal contacts with California, other than in his capacity as a Managing Member of Noteware Development LLC." Mot. at 4. But this argument is unavailing because the Ninth Circuit has rejected the argument that, for purposes of personal jurisdiction, "employees who act in their official capacity are somehow shielded from suit in their individual capacity." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521 (9th Cir. 1989). Thus, as long as Mr. Noteware has had sufficient contacts with California, whether in an official or personal capacity, then there is personal jurisdiction.

The Court concludes that Mr. Rimes has made a sufficient *prima facie* showing that Mr. Noteware has had sufficient contacts with the forum to establish personal jurisdiction. In reaching this conclusion, the Court finds the decision in *Kukui Gardens Corp. v. Holco Capital Group, Inc.*, 664 F. Supp. 2d 1103 (D. Haw. 2009), persuasive. In *Kukui*, the plaintiff sued both an Indiana corporation and its president, an individual citizen of Indiana, for failing to meet statutory requirements for the release of its mortgage. *See id.* at 1104-05. The court held that, with respect to the individual defendant, the purposeful availment prong was satisfied because the individual defendant had (1) signed on behalf of the corporation to request authorization for prepayment of the loan, and (2) e-mailed the plaintiff to explain the corporation's refusal to release the mortgage. *See id.* at 1114.

In the instant case, Mr. Noteware admits that he is the sole owner of, managing member of, and principal actor in Noteware Development; that he personally "prepare[d] the initial draft of the Noteware Development LLC's compensation agreement with Mr. Rimes and submitted it to Mr. Rimes for his review and comment"; and that he "sent a reply letter to Mr. Rimes' request for payment of merit bonuses," refusing to grant the request. Reply at 4-5. Thus, Mr. Noteware was even more active in the parties' actual course of dealing than was the individual defendant in *Kukui*, who evidently did not have a role in preparing the contract. Thus, the first prong of the test for specific jurisdiction has been satisfied.

As for the second prong, which considers whether the plaintiff's cause of action arises out of the defendant's forum related activities, *see Harris Rutsky & Co. Insurance Services, Inc.*, 328 F.3d

1122, 1129 (9th Cir. 2003), it is easily met. Clearly, Mr. Rimes would have no cause of action if Mr. Noteware had not denied his request for payment of merit bonuses. *See Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 761 (9th Cir. 1990) (noting that the second prong is "met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen").

Finally, with respect to the third prong, the burden is on Mr. Noteware "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Since Mr. Noteware failed to address the reasonableness prong in his papers, he has failed to meet his burden in showing why jurisdiction would be unreasonable. Furthermore, given Mr. Noteware's active involvement in the disputed transaction and his knowledge of Mr. Rimes's location in California, plus the consent of Noteware Development LLC (for whom Mr. Noteware appears to be the primary representative in defending the LLC based on the prior filings herein) to the jurisdiction of this Court, the exercise of jurisdiction over Mr. Noteware would appear reasonable. Accordingly, the Court concludes that all three prongs of the specific jurisdiction test have been satisfied and the Court may exercise specific jurisdiction over Mr. Noteware. Mr. Noteware's motion to dismiss pursuant to Rule 12 (b)(2) is therefore denied.[2]

B.  Failure to State a Claim for Relief

Mr. Noteware has also moved to dismiss each of the causes of action asserted against him on the basis of failure to state a claim for relief. A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all

---

[2] The Court notes that there could well be an additional basis for the Court to assert personal jurisdiction over Mr. Noteware – *i.e.*, if he were the alter ego of Noteware Development in which case the contacts of Noteware Development could be attributed to him. *Cf. Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (noting that "a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes" but adding that there are two exceptions to that rule – "a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent"). As noted below, Mr. Rimes's alter ego allegations are specific enough to survive the motion to dismiss under Rule 12(b)(6).

allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

In his papers, Mr. Noteware claims that Mr. Rimes has failed to state any claims for relief because he has pled insufficient alter ego allegations.  As a preliminary matter, the Court notes that, for at least some of the claims asserted in the complaint, Mr. Rimes is proceeding on a direct liability theory, and not just an indirect/alter ego liability theory.  Therefore, any purported failure to plead alter ego allegations with sufficient specificity is immaterial, at least as to those claims.

To the extent Mr. Rimes bases a claim on only an alter ego theory (*e.g.*, the claim for breach of contract as it appears that Mr. Noteware was not a party to the employment contract), the Court disagrees with Mr. Noteware's argument that the alter ego allegations are too conclusory.  Mr. Rimes has not simply alleged that Noteware Development was Mr. Noteware's alter ego.  Nor has Mr. Rimes simply alleged that there was "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist." *See Laguna v. Coverall N. Am., Inc.*, 2009 U.S. Dist. LEXIS 118098, at 6 (S.D. Cal. 2009).  Rather, Mr. Rimes has included specific allegations as to *why* there was such a unity of interest and ownership that the separate personalities of Noteware Development and Mr. Noteware do not in reality exist.  For example, Mr. Rimes has alleged that Mr. Noteware completely controlled, dominated, managed, and operated Noteware Develpment for his sole and exclusive benefit; that he commingled his assets with those of Noteware Development; that he failed to observe LLC formalities by failing to maintain proper records; and that he inadequately capitalized Noteware Develpment.  *See* SAC ¶ 5.  *See, e.g., Fund Raising v. Alaskans for Clear*

*Water*, No. CV 09-4106 AHM (VBKx), 2009 U.S. Dist. LEXIS 106549, at *11-12 (C.D. Cal. October 29, 2009) (holding that the complaint "alleged specific facts that indicate that 'separate personalities of the corporation and the individual no longer exist'": that the individual completely controlled, dominated, managed, and operated the corporation for his sole and exclusive benefit; that he commingled his assets with those of the corporations to suit his needs and convenience; that he failed to maintain any degree of separateness with the corporation; and that he failed to observe corporate formalities).

Mr. Noteware argues still that *Emeraldian Ltd. P'ship v. Wellmix Shipping Ltd.*, No. 08 Civ. 2991 (RJH), 2009 U.S. Dist. LEXIS 89355 (S.D.N.Y. Sept. 28, 2009), supports his position. There, the court did note that it is not enough for a complaint to contain "primarily conclusory allegations that merely recite the factors considered by courts in this Circuit when evaluating alter ego claims." *See id.* at *9-10. But the court went on to state that "allegations of common ownership and management, while relevant to the alter ego analysis, are insufficient to support a finding that parties are alter egos of one another *absent* evidence of any conduct that is inconsistent with a proper regard for corporate formalities and for the separate corporate identities of the various allegedly affiliated corporations." *Id.* (emphasis added). In the instant case, Mr. Rimes has not relied solely on allegations of common ownership and management but rather included additional allegations, for example, that Mr. Noteware failed to observe LLC formalities by failing to maintain proper records. *See* SAC ¶ 5. Accordingly, the Court denies Mr. Noteware's motion for failure to state a claim for relief. The allegations are specific enough to satisfy *Twombly* and *Iqbal*.

The Court emphasizes that, although Mr. Rimes has sufficiently pled alter ego allegations to survive the Rule 12(b)(6) motion, this does not necessarily mean that he will be able to prove on the merits that Noteware Development was Mr. Noteware's alter ego. At the pleading stage, however, the Court must take all allegations of material fact as true. *See Cousins*, 568 F.3d at 1067. Mr. Rimes' counsel represented at the hearing that there is a good faith factual basis for the alter ego

///

///

///

allegations. If it becomes evident that there is in fact no factual basis, Mr. Rimes and his counsel are forewarned that they risk sanctions pursuant to Federal Rule of Civil Procedure 11.

### III. CONCLUSION

For the foregoing reason, Mr. Noteware's motion to dismiss is denied.

This order disposes of Docket No. 58.

IT IS SO ORDERED.

Dated: August 4, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

7

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RIMES, | No. C-09-0281 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| NOTEWARE DEVELOPMENT LLC, | |
| Defendant. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Jim Noteware
5402 Fieldwood Drive
Houtson, TX 77056
(713) 960-0280
Fax: (713) 654-0038
Email: jimnoteware@aol.com

Dated: August 4, 2010          RICHARD W. WIEKING, CLERK

                              By:   /s/   Leni Doyle
                                    Leni Doyle
                                    Deputy Clerk